UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PISC INTERNATIONAL INC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-05-626 |
| | § | |
| WOOLSLAYER COMPANIES INC, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER DENYING MOTION TO REMAND**

Pending before the Court is Plaintiff PISC International Inc.'s ("PISC") motion to remand (Doc. 6). Plaintiff asserts that Defendant Woolslayer Companies, Inc.'s ("Woolslayer") notice of removal was untimely filed and that Woolslayer's principal place of business is in Texas and not Oklahoma, so that diversity is lacking in this action. After reviewing the parties' briefs, the record, and the applicable law, the Court **ORDERS** that the motion to remand is **DENIED**. This action was originally filed in state court on January 3, 2005. The facts as alleged in Plaintiff's Motion to Remand and in the supporting affidavit of Robert J. Schlein conclusively establish that Woolslayer first received both formal service of process and a copy of the complaint in the state court action on January 31, 2005. Accordingly, January 31st is the date from which Defendant's thirty days to remove began to run, and Defendant's February 25th filing of its Notice of Removal was timely. Furthermore, the evidence of record establishes that Woolslayer is a citizen of Oklahoma and only of Oklahoma. There is no dispute that Woolslayer was incorporated in Oklahoma. Furthermore, in determining the principal place of business of a corporation, the Fifth Circuit applies a "total activity" test, looking to both the "nerve center" of the corporation

and its principal place of operations. *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 404 (5th Cir. 1987).  Under this test, Oklahoma is Woolslayer's principal place of business. Woolslayer maintains its executive offices in Tulsa; meetings of the Board of Directors and shareholders are held in Tulsa; operational, policy-making, and financial decisions are made by executives and officers in Tulsa; and the activities of Woolslayer employees in Woolslayer's Liberty, Houston, and Catoosa facilities are directed from Tulsa.  Horkey Decl. (Doc. 7 Ex. B) ¶¶ 4-7.  Woolslayer's corporate records are maintained in Tulsa.  *Id*. at ¶7.  Woolslayer files its corporate tax returns in Oklahoma, and Woolslayer has at all times held itself out to the public as an Oklahoma corporation with its principal place of business in Tulsa.  *Id*.  The majority of Woolslayer's employees work in Tulsa, all of its executive officers work and live in Tulsa, and all but one of its Directors work and live in Tulsa.  *Id*. at ¶¶ 5-6.  The only Director who lives in Texas is the Chairman of the Board, who maintains an office in Woolslayer's Tulsa headquarters.  *Id*. at ¶¶ 5-6.

As set forth in the Horkey Declaration, Woolslayer's primary business activity is the design and engineering of certain structures connected with drilling rigs, including oil derricks, masts, substructures for petroleum drilling rigs, and auxiliary equipment. *Id.* at ¶ 8.  All of the Woolslayer employees who perform this design and engineering work are physically located in Woolslayer's Tulsa, Oklahoma headquarters.  *Id*.  Woolslayer also manufactures drilling structures and related accessories for drilling rigs.  *Id*. at ¶ 9.  The majority of Woolslayer's manufacturing work is performed in Tulsa.  *Id*.  The structures and accessories manufactured by Woolslayer in Tulsa are ordinarily delivered to customers at the Port of Catoosa in Oklahoma.  *Id*. at ¶ 10.

The only business activities Woolslayer performs in Texas are (1) the manufacture of sheaves and minor assembly work on blowout preventer hoist systems in Liberty, Texas, and (2) customer service and customer relations in a Houston, Texas sales office. *Id*. at ¶¶ 11-12. The manufacturing work performed in Liberty, Texas constitutes less than half of the total manufacturing activity of Woolslayer and does not account for a substantial portion of the total revenues earned by Woolslayer. *Id.* at ¶¶ 9, 11.

Woolslayer's Houston sales office, upon which Plaintiff bases its claims regarding Defendant's citizenship, is manned by exactly one employee. *Id*. at 12. That employee, a sales representative, neither negotiates, drafts, nor executes sales contracts. *Id*. Instead, he serves as a point of contact for past, present, and future customers. *Id*. In the event that a customer contacts the Houston sales representative about entering a new contract with Woolslayer, the customer is referred to sales personnel in Tulsa, who negotiate the terms of the sale, draft the contract, and execute the transaction. *Id*. The product and/or services provided to that customer are designed, engineered, and, for the most part, manufactured in Tulsa, Oklahoma. *See generally id*.

In light of the foregoing, the Court concludes that the motion to remand should be and hereby is DENIED.

Signed at Houston, Texas, this 4th day of May, 2005.

Melinda Harmon
United States District Judge