**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| PISC INTERNATIONAL, INC., }<br>           *Plaintiff(s)* }<br>}<br>v. }<br>}<br>WOOLSLAYER COMPANIES, INC., }<br>           *Defendant(s)* } | CIVIL ACTION NO. H-05-0626 |

## **MEMORANDUM OPINION**

At the close of Plaintiff PISC International Inc.'s ("PISC") evidence in the trial of this matter, the court granted Defendant Woolslayer Companies Inc.'s ("WCI") motion for judgment as a matter of law. The following is a further explanation of the court's reasons.

This case concerns the sale of an oil derrick by WCI to Varco International Inc. ("Varco"). WCI's sale to Varco occurred on February 27, 2004. PISC claims it is owed a commission on the sale because of an agreement it negotiated with WCI in late October 2003.

PISC claims WCI offered to pay a commission in an October 31, 2003, letter addressed to PISC's president, Mohamed Hellail. The letter states, in pertinent part, as follows:

> Attached is our proposal 3251-K-03, Opt. 1, Rev. 1 covering a new derrick and usual accessories as requested.
>
> In the event of an order, WCI will allow EMDAD & P.I.S.C. International a 15% reseller's commission.
>
> Delivery for Items #1 through 25 will be 18 to 21 weeks after receipt of down payment with purchase order.
>
> We have quoted several optional items which you may require for your new build Jack-up rig project. Featured optional items include the WCI Automatic Pipe Racking System, and that WCI BOP handling system.

Letter from WCI to PISC (Doc. 18, Ex. 5). The following language appears in the proposal that accompanies the letter: "This proposal is subject to withdrawal without notice prior to receipt by Seller of written acceptance and in any event expires at the end of thirty days." Proposal at 6 (Doc. 18, Ex. 5). A second identical letter and proposal were sent December 12, 2003 (Doc. 18, Ex. 5).

I. Law

Judgment as a matter of law is appropriate "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). In other words, a motion for directed verdict should be granted "when there is not a sufficient conflict in substantial evidence to create a jury question." *Travis v. Bd. Of Regents of the Univ. of Tex. Sys.*, 122 F.3d 259, 263 (5th Cir. 1997) (citing *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 804 (5thCir. 1997). A sufficient conflict exists when there is evidence "of such quality and weight that reasonable and fair minded men in the exercise of impartial judgment might reach different conclusions." *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969).

II. Application of Law to the Facts

PISC has introduced no evidence it accepted the offer contained in the October 31st or December 12th cover letters. Offer and acceptance are an essential part of a breach of contract action. *Hallmark v. Hand*, 885 S.W.2d 471, 476 (Tex. App. – El Paso 1994). When an offer is limited by its terms to a certain time period it cannot be accepted after that period ends. *Paul Mueller Co. v. Alcon Laboratories, Inc.*, 993 S.W.2d 851, 885 (Tex. App. – Fort Worth 1999). Here, PISC was required to deliver its written acceptance to WCI within 30 days. PISC knew this fact, as is evidenced by its request that WCI renew its offer on December 12, 2003. Nevertheless, PISC did not accept WCI's offer in the time or manner required.

PISC claims WCI ratified an agreement to pay PISC a commission in a letter recieved in March 2004. *See* Letter from John M. Woolslayer to Mohamed Hellail (Joint Ex. 17). This argument fails as a matter of law. "[R]atification is a doctrine of agency law, and allows a principal to be bound by an agent's unauthorized contract in circumstances where the principal becomes aware of the contract and retains benefits under it." *Willis v. Donnelly*, 199 S.W.3d 262, 273 (Tex. 2006). Ratification is inapplicable to the facts of this case because PISC has not show

2

the existence of a contract, authorized or otherwise, between it and WCI. Moreover, the letter denies that PISC was due a commission, stating simply that PISC did not order a derrick.

The court also granted WCI's motion for judgment as a matter of law on PISC's claims for unjust enrichment and fraud. To prevail on these claims, PISC was required to show that WCI acted with scienter. *IKON Office Solutions, Inc. v. Eifert*, 125 S.W.3d 113, 124 (Tex. App. 2003) (fraud); *Heldenfels Bros., Inc. v. Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (unjust enrichment). PISC introduced no evidence, besides WCI's failure to pay a commission, to support this finding. *See IKON Office Solutions,* 125 S.W.3d at 124 ("Failure to perform a contract, standing alone, is no evidence of the promisor's intent not to perform when the contract was made, but a circumstance to be considered with other facts to establish intent.").

III. Conclusion

For the aforementioned reasons, judgment as a matter of law is appropriate on Plaintiff's claims. Final judgment in favor of WCI and against PISC will issue by separate order.

**SO ORDERED** at Houston, Texas, this 29th day of November, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE